IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUSTIN COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>DELANEY'S CAPE MAY LLC<br><br>Defendant. | CIVIL ACTION NO. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT & JURY DEMAND

Plaintiff Justin Coleman, by and through his undersigned attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1. This is an action for an award of damages, attorneys' fees, and other relief on behalf of Plaintiff Justin Coleman (hereinafter "Mr. Coleman" or "Plaintiff"), a former employee of Delaney's Cape May LLC ("Delaney's").  Mr. Coleman has been harmed by Defendant's discrimination and harassment on the basis of race, and to retaliation because of Mr. Coleman's complaints regarding this discrimination and harassment.

2. This action arises under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq. ("Title VII"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("NJLAD").

## JURISDICTIONAL STATEMENT

3. This Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over any New Jersey state law claims pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to the institution of this suit have been fulfilled.  On March 2, 2016, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC").  On January 17, 2017, the EEOC issued a Notice of Right to Sue to Mr. Coleman.  This Complaint has been filed within ninety (90) days of Mr. Coleman's receipt of said Notice of Rights.  With respect to the NJLAD claims alleged herein, Mr. Coleman was not required to exhaust any administrative remedies available under NJLAD prior to filing this Complaint.

## VENUE

7. This action properly lies in the District of New Jersey, pursuant to 28 U.S.C. § 1391(b) because the claim arose in this judicial district and Plaintiff was employed by Defendant Delaney's Cape May LLC in this judicial district.

## PARTIES

8. Plaintiff Justin Coleman is an adult male African American individual who is a citizen and resident of Philadelphia, Pennsylvania and the United States of America.

9. Defendant Delaney's Cape May LLC is a business entity duly organized and existing under state law that has a business address at 400 Washington Street, Cape May, New Jersey 08204, where Mr. Coleman was employed.

10. At all relevant times hereto, Defendant Delaney's Cape May LLC acted by and through its authorized agents, servants and/or employees acting within the course and scope of their employment with Delaney's and in furtherance of Delaney's business.

11. At all relevant times, Defendant is and has been an employer employing more than 15 employees.

12. At all times relevant hereto, Defendant is and has been an "employer" and/or "person" within the meaning of the laws at issue in this matter, and is accordingly subject to the provisions of said laws.

13. At all relevant times, Mr. Coleman was an "employee" within the meaning of the laws at issue in this matter, and is accordingly entitled to the protection of said laws.

**FACTS**

14. Mr. Coleman was hired by Delaney's Cape May LLC to work as a bartender on or about July 15, 2015.

15. During his tenure with Defendant, Mr. Coleman performed his duties in an excellent manner.

16. Despite this, Mr. Coleman was subjected to a hostile work environment and discrimination and harassment on the basis of his race, and to retaliation and termination for complaining about this discrimination and harassment.

17. Mr. Coleman was subjected to a hostile work environment and discrimination on the basis of his race almost immediately upon being hired.

18. During Mr. Coleman's very first shift bartending in July of 2015, a co-worker commented to Mr. Coleman, "What are you doing here? They don't hire black bartenders. The last one didn't work out. This is an Irish pub."

19. Mr. Coleman was the target of such racial comments throughout his employment with Delaney's, as co-workers frequently used racially inappropriate language including, among other things, "yo nigga," "my nigga," and "don't make me get black on you."

20. Furthermore, when rap or hip hop music was played on the jukebox, management would turn it off or turn it down and scold Mr. Coleman and other staff, telling them, "Don't play that type of music. No black music." One of Mr. Coleman's managers, Ed [LNU], even told staff, including Mr. Coleman, that the "next person that plays this shit is going to get fired."

21. Mr. Coleman was also held to a different standard than his Caucasian counterparts, receiving discipline for infractions that others did not.

22. As a result of his treatment, and the hostile working environment and racial discrimination he was suffering, Mr. Coleman complained directly to his supervisors, and complained in writing to management.

23. Only two days after making his written complaints, on or about September 21, 2015, Mr. Coleman was terminated.

24. Because of the suspicious circumstances surrounding his termination, including the extremely close proximity in time between his complaints and his termination,

Mr. Coleman maintains that after suffering and being exposed to a hostile working environment and discrimination for his entire tenure at Delaney's, he was terminated as a result of discrimination, and in retaliation for his complaints about discrimination and harassment.

25. Mr. Coleman was discriminated against and harassed on the basis of his race and terminated as a result of discrimination and harassment, and in retaliation for his complaints about this discrimination, harassment and retaliation in violation of Title VII and NJLAD.

26. As a result of the discrimination, harassment and retaliation to which he was subjected, Mr. Coleman has suffered and continues to suffer mental anguish and severe emotional distress as a proximate result of the actions and inactions of Defendant.

27. Defendant's agents and employees involved in harassing Mr. Coleman and in Mr. Coleman's termination all acted with the intent of causing, or in reckless disregard of the probability that their actions would cause Mr. Coleman severe emotional distress.

28. Mr. Coleman has suffered financial losses including, among other things, lost wages, and an obligation for attorneys' fees and costs of bringing suit as a proximate result of the actions and inactions of Defendant.

## COUNT I
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq.

29. Plaintiff Justin Coleman repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

30. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq.

31. In discriminating against and harassing Mr. Coleman because of his race, and retaliating against him because of his complaints about racial harassment and discrimination, Defendant violated Title VII of the Civil Rights Act of 1964.

32. Said violations were intentional and willful.

33. Said violations warrant the imposition of punitive damages.

34. As the direct result of the aforesaid unlawful employment practices engaged in by Defendant, Plaintiff has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon.

35. Plaintiff is now suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## COUNT II
### New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

36. Plaintiff Justin Coleman repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

37. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the New Jersey Law Against Discrimination.

38. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to, discriminating against and harassing Mr. Coleman because of his race, and retaliating against Mr. Coleman because of his complaints about

6

discrimination and harassment.

39. Said violations were intentional and willful.

40. Said violations warrant the imposition of punitive damages.

41. As the direct result of the aforesaid unlawful employment practices engaged in by Defendant, Plaintiff Justin Coleman has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon.

42. Plaintiff is now suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## PRAYER FOR RELIEF

43. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

**WHEREFORE**, Plaintiff Justin Coleman respectfully requests that this Court enter judgment in his favor and against Defendant and Order:

a. Appropriate equitable relief, including reinstatement or front pay;

b. Defendant compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination, harassment and retaliation;

c. Defendant compensate Plaintiff with the wages and other benefits and emoluments of employment lost because of its unlawful conduct;

d. Defendant pay Plaintiff punitive damages;

    e.    Defendant pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

    f.    Defendant pay Plaintiff's costs of bringing this action and his attorneys' fees;

    g.    Plaintiff be granted any and all other remedies available pursuant to Title VII and the NJLAD; and

    h.    Such other and further relief as is deemed just and proper.

## JURY DEMAND

44.    Plaintiff Justin Coleman hereby demands trial by jury as to all issues so triable.

*/s/ Christopher A. Macey, Jr.*
Christopher A. Macey, Jr., Esquire
Bell & Bell LLP
1617 John F. Kennedy Blvd. – Suite 1254
Philadelphia, PA 19103
(215) 569-2500
Attorneys for Plaintiff
Justin Coleman

DATE:    April 14, 2017

8